*4 MARILYN Kelly, J.
(dissenting). As noted by the majority, at issue is whether MCL 768.27b infringes on this Court’s constitutional authority to establish rules of practice and procedure. Relying on its reasoning in People v Watkins,[1] which considered a similar statute, MCL 768.27a, the majority holds that MCL 768.27b does not infringe on this Court’s constitutional authority. I disagree. For the reasons stated in my dissenting opinion in Watkins, that case was wrongly decided. The majority’s extension of the reasoning used in Watkins to this case renders this case wrongly decided as well.
Our Constitution provides this Court with the express authority to regulate rules of practice and procedure.[2] As I explained in Watkins, statutes like MCL 768.27b infringe on that authority.[3] The majority’s conclusion to the contrary, both in Watkins and in this case, is imbued with the flawed reasoning of McDougall v Schanz.[4] McDougall effectively neutered this Court’s constitutional authority to regulate rules of practice and procedure.[5] Nonetheless, as in Watkins, if McDou-gall’ s analysis were faithfully applied here, the majority would recognize that MCL 768.27b is a quintessential procedural rule involving the dispatch of judicial business. Because that statute conflicts with MRE 404(b) *5 and regulates a matter of procedure, the Legislature overstepped its constitutional authority when enacting it. Thus, the statute is unconstitutional and violates the constitutional separation of powers.[6]
For these reasons, I would grant defendant’s application for leave to appeal in order to reconsider Watkins.
CAVANAGH and HATHAWAY, JJ., concurred with MARILYN Kelly, J.

 People v Watkins, 491 Mich 450; 818 NW2d 296 (2012).

 Const 1963, art 6, § 5 provides the judiciary with the authority to “establish, modify, amend and simplify the practice and procedure in all courts of this state.”

 See Watkins, 491 Mich at 499-507 (Marilyn Kelly, J., dissenting).

 McDougall v Schanz, 461 Mich 15; 597 NW2d 148 (1999).

 McDougall held that this Court’s authority over “practice and procedure” does not include all matters relating to the admission of evidence. Id. at 29. Instead, it held that a legislatively created rule of evidence does not violate article 6, § 5 of the 1963 Michigan Constitution unless “no clear legislative policy reflecting considerations other than judicial dispatch of litigation can be identified ....” Id. at 30 (quotation marks and citations omitted).

 Const 1963, art 3, § 2 provides that “[t]he powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution.”